# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARKELL L. HOGAN,<br><br>                Plaintiff,<br>v.<br><br>JOE DECECCO, *Sheboygan County District Attorney*, BRINKMAN, *Sheboygan County Detention Center Administrator*, PATRICK RUNGE, A. BLODGETT, J. BRELDUNG, K. WITTINGER, BRICCO, *Assistant Administrative Correctional Officer*, LT. DETIENNE, LT. REYNOLDS, SGT. M. RICHTER, SGT. DEAN CULVER, PAULA JOHNSON, SHAWN WING, SGT. FALK, SGT. ADAMS, SGT. FENN, SGT. VERHELIST, J. FRIBERG, MATTHEW JURSS, J. VOGEL, STEVEN PLOETZ, GEORGE BEATON, K. WITKOWSKI, LARRY KRUEGER, WICK LARKIN, NURSE SHELLY, and JOHN/JANE DOE, *Medical Doctor at Sheboygan County Detention Center*,<br><br>                Defendants. | Case No. 19-CV-497-JPS<br><br>**ORDER** |

       Plaintiff Markell L. Hogan, a prisoner proceeding *pro se*, filed a complaint in the above-captioned action along with a request to proceed *in forma pauperis*. (Docket #1 and #2). The Court assessed an initial partial filing fee ("IPFF") of $1.55 and ordered that it be paid on or before July 9, 2019. (Docket #8). Plaintiff has now requested that he be permitted to use funds from his release account to satisfy the IPFF. (Docket #9).

"A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878 at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code § DOC 309.466). Given the purpose of the release account, federal courts do not deem it prudent to focus on that account as the source of funds to satisfy the full filing fee payment requirements. *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002).

In light of the foregoing, the Court will not permit Plaintiff to tap into his release account for the entirety of his filing fee or other litigation costs. However, the Court will grant Plaintiff permission to use funds from his release account solely for the purpose of paying the IPFF. Within ten days of the entry of this Order, Plaintiff shall ensure that the IPFF of $1.55 is paid to the Clerk of the Court.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to use his release account funds to pay the initial partial filing fee (Docket #9) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall release $1.55 from Plaintiff's release account for payment of the initial partial filing fee;

**IT IS FURTHER ORDERED** that Plaintiff's deadline to pay the initial partial filing fee be and the same is hereby **EXTENDED** to ten days after the entry of this Order; and

**IT IS FURTHER ORDERED** that copies of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 24th day of July, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge