# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARKELL L. HOGAN,<br><br>      Plaintiff,<br><br>v.<br><br>JOE DECECCO, *Sheboygan County District Attorney*, BRINKMAN, *Sheboygan County Detention Center Administrator*, PATRICK RUNGE, A. BLODGETT, J. BRELDUNG, K. WITTINGER, BRICCO, *Assistant Administrative Correctional Officer*, LT. DETIENNE, LT. REYNOLDS, SGT. M. RICHTER, SGT. DEAN CULVER, PAULA JOHNSON, SHAWN WING, SGT. FALK, SGT. ADAMS, SGT. FENN, SGT. VERHELIST, J. FRIBERG, MATTHEW JURSS, J. VOGEL, STEVEN PLOETZ, GEORGE BEATON, K. WITKOWSKI, LARRY KRUEGER, WICK LARKIN, NURSE SHELLY, and JOHN/JANE DOE, *Medical Doctor at Sheboygan County Detention Center*,<br><br>      Defendants. | Case No. 19-CV-497-JPS<br><br>**ORDER** |

    Plaintiff Markell L. Hogan, who is proceeding *pro se*, filed an amended complaint alleging violations of his constitutional rights. (Docket #17). This matter comes before the Court on Plaintiff's motion to proceed *in*

*forma pauperis*. (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $1.55. 28 U.S.C. § 1915(b)(4).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon

---

[1] Plaintiff also filed a motion to appoint counsel, which the Court will deny without prejudice because it is the policy of this branch of court to consider motions to appoint counsel after summary judgment is briefed. (Docket #18).

which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's amended complaint is quite long and filled with backstory, but the salient facts are as follows: In September 2015, while at the Sheboygan County Detention Center, Plaintiff was deemed to be a High-Risk Status inmate and was placed in a segregation unit reserved for especially difficult inmates. Plaintiff disagreed with this designation. Starting on September 26, 2015, staff began to ignore him and stopped checking on him. The only person he had any relevant contact with was Officer Friberg ("Friberg"). Plaintiff alleges that he did not receive any kind of attention, medical or otherwise, until he threatened to stab himself with a pencil. He was subsequently placed on suicide watch, even though what he really wanted was to speak with a supervisor about changing his status from High Risk.[2]

Several officers escorted Plaintiff to a suicide watch cell. During the escort, Plaintiff alleges that Friberg "manhandled" him, which resulted in Sergeant Paula Johnson ("Johnson") falling down the stairs. Plaintiff asked if she was okay, and began to argue with Friberg for "attempting to push [him] down the stairs." *Id.* at 6. Officer Dean Culver ("Culver") also got involved in the argument, but it is not alleged to have escalated. Eventually, the parties made it to the suicide watch cell.

---

[2]According to the complaint, Plaintiff's primary goal in threatening suicide was to prompt the officer to contact the supervisor, whom Plaintiff wished to speak to regarding his designation as a High Risk Status inmate: "all the staff [k]new I really wanted to speak to the supervisor the reason why I was saying that I was suicide [sic]." (Docket #17 at 5). When his suicide threats were finally addressed and he was put on suicide watch, this was not satisfactory to Plaintiff: "I told the staff that I didn't want to go on suicide watch, but speak to the supervisor." *Id.* Because Plaintiff does not allege that he actually suffered a serious medical need, the Court will not construe these allegations as a denial of medical treatment.

The suicide watch cell was not clean. It contained unidentified body fluids and leftover food from the previous inmate's breakfast bag. The cell floor was dusty and covered in gray and black hair. Plaintiff's complaints about these issues went ignored. To get attention, Plaintiff covered the camera with his mattress and his door with a blanket. Officer Culver eventually addressed the fact that Plaintiff had covered up the camera and the door by threatening Plaintiff with a two-second burst of pepper spray if he did not remove the coverings. Plaintiff "allowed [Culver] to spray the pepper into [his] cell," thinking it would result in him being moved from the cell. It did not. Culver told him the officers would uncover the camera, and began conferring with some officers including J. Vogel ("Vogel"), K. Witkowski ("Witkowski"), and Johnson about the situation. Plaintiff did not think it was fair for the officers to "run into the cell on [him] without asking [him] to come out voluntarily," particularly because his cell was unsanitary and now covered in pepper spray. *Id.* at 8.

When Officer Matthew Jurss ("Jurss") attempted to enter the cell to remove the mattress covering, he slipped on the floor, which was slick from the pepper spray, and hit his head. Officer Ploetz ("Ploetz") then tripped over Jurss's body, and fell into Plaintiff, who fell against the top of his bunk and felt his right shoulder pop out of place. As Plaintiff attempted to get up, Officers Culver, Shawn Wing ("Wing"), Witkowski, and Jurss tackled him to his stomach, ignoring his injury. Plaintiff yelled that his arm was broken while the officers yelled at him to stop yelling. He was placed in a hold that made it difficult for him to move and breath. Eventually, Plaintiff passed out. At some point, he was tased twice by Vogel, and taken to the Sheboygan Memorial Medical Center, where his broken shoulder was treated.

It appears that Plaintiff was a pre-trial detainee at the time these events unfolded. The Fourteenth Amendment's right to due process protects pre-trial detainees from unconstitutional conditions of confinement and excessive force while awaiting trial. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). The Fourteenth Amendment "provides at least as much, and probably more, protection against punishment as does the Eighth Amendment's ban on cruel and unusual punishment." *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010). However, "the exact contours of any additional safeguards" provided by the Fourteenth Amendment "remain undefined." *Id.* Thus, courts still turn to the traditional Eighth Amendment analysis to guide their assessment of excessive force and conditions of confinement claims.

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). When a correctional officer is accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Several factors are relevant to this determination, including the need for force, the amount applied, the threat the officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004).

Under the liberal pleading standard required for *pro se* litigants, Plaintiff has adequately alleged a violation of his constitutional right to be free from excessive force. Specifically, he alleged that after falling down and breaking his shoulder, he was tackled by four different officers, placed in a

hold that made it difficult for him to breath, and tased twice. However, the Court finds that there are insufficient allegations regarding the tussle on the stairs en route to the suicide watch cell to constitute excessive force and, in any case, there are no allegations that Plaintiff was harmed.

Similarly, Plaintiff's allegations that the suicide watch cell was filthy and contained food and bodily fluids from the previous inmate is sufficient to invoke his right to "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Inmates and detainees are entitled to sanitary and hygienic living conditions. *See Myers v. Ind. Dep't of Corr.*, 655 F. App'x 500, 503–04 (7th Cir. 2016). Plaintiff may therefore proceed on his claim challenging the constitutionality of his conditions of confinement in the suicide watch cell.

The Court notes that not all of the defendants named were mentioned in the amended complaint, which was shortened considerably at the Court's direction. *See* (Docket #16). A Section 1983 claim may only proceed against individual officers who are personally involved in the constitutional violation. *Minix v. Canarecci*, 597 F.3d 824, 833–34 (7th Cir. 2010). Accordingly, the following defendants will be dismissed because there are no allegations about them in the complaint: Joe Dececco, Brinkman, Patrick Runge, A. Blodgett, J. Breldung, K. Wittinger, Bricco, Lieutenant Detienne, Lieutenant Reynolds, Sergeant M. Richter, Sergeant Falk, Sergeant Adams, Sergeant Fenn, Sergeant Verhelist, George Beaton, Larry Krueger, Wick Larkin, Nurse Shelly, and John/Jane Doe, Medical Doctor at Sheboygan County Detention Center.

Therefore, the Court finds that Plaintiff may proceed on the following two claims:

**First:** a claim for excessive force against Officers Culver, Wing, Friberg, Jurss, Vogel, and Witkowski; and

**Second:** a claim for unconstitutional conditions of confinement in the suicide watch cell against all Defendants.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Docket #18) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendants Joe Dececco, Brinkman, Patrick Runge, A. Blodgett, J. Breldung, K. Wittinger, Bricco, Lieutenant Detienne, Lieutenant Reynolds, Sergeant M. Richter, Sergeant Falk, Sergeant Adams, Sergeant Fenn, Sergeant Verhelist, George Beaton, Larry Krueger, Wick Larkin, Nurse Shelly, and John/Jane Doe, Medical Doctor at Sheboygan County Detention Center, be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon the remaining defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. § 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in*

*forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service;

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the amended complaint;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $348.45 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 12th day of February, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge