# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARKELL L. HOGAN,<br><br>    Plaintiff,<br><br>v.<br><br>DEAN CULVER, PAULA JOHNSON, SHAWN WING, TIMOTHY FRIBERG, MATTHEW JURSS, JULIE HOERNING, STEVEN PLOETZ, and KRYSTAL WITKOWSKI,<br><br>    Defendants. | Case No. 19-CV-497-JPS<br><br>**ORDER** |

On February 12, 2020, the Court screened the complaint in the above-captioned case and allowed Plaintiff to proceed on claims of excessive force and unconstitutional conditions of confinement. (Docket #21). On April 14, 2020, the Court issued a scheduling order, in which it provided the parties with deadlines for the litigation, including a deadline for summary judgment—October 1, 2020. (Docket #37). On May 14, 2020, the defendants filed a motion for summary judgment on exhaustion grounds. (Docket #42). On June 1, 2020, Plaintiff filed a motion for an extension of time to respond to the summary judgment motion (Docket #49), as well a motion to allow the case to proceed (Docket #50)—in the latter motion, he explains that he is confused about the status of his case, since the defendants filed their motion for summary judgment before discovery had been completed. The Court will grant Plaintiff's motion for an extension of time. Fed. R. Civ. P. 6(b)(1)(A). The Court will also deny Plaintiff's motion to allow the case to

proceed as moot—this does not mean that the case is over, it only means that Plaintiff's motion to allow the case to proceed is unnecessary.

As for Plaintiff's confusion regarding the status of his case: before a prisoner files a complaint in federal court, he must exhaust his administrative remedies. 42 U.S.C. § 1997e(a). This means that he must go through all of the complaint channels available to him at his prison or jail facility *before* the Court can properly hear any complaint—in other words, he must submit a complaint to the institution, and appeal any denials.

The defendants argue that Plaintiff did not fully exhaust his administrative remedies because he only filed a single complaint as to the officers improperly entering his cell—he did not complain about the excessive force. Plaintiff should respond to this as best he can. If Plaintiff has proof that he did, in fact, try to file a complaint regarding the excessive force, he should provide it to the Court.; otherwise, he will need to establish that the jail made the complaint process virtually impossible. *King v. McCarty*, 781 F.3d 898, 893–94 (7th Cir. 2015). If it appears that Plaintiff did not exhaust his administrative remedies before filing the complaint in federal court, the Court will be obligated to dismiss the complaint without prejudice, in order to allow the Plaintiff to exhaust his administrative remedies before re-filing the case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an extension of time (Docket #49) be and the same is hereby **GRANTED**, and he will have until **July 15, 2020** to file a response to the motion for summary judgment; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to allow the case to proceed (Docket #50) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 12th day of June, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge