# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARKELL L. HOGAN,<br><br>    Plaintiff,<br><br>v.<br><br>DEAN CULVER, PAULA JOHNSON, SHAWN WING, TIMOTHY FRIBERG, MATTHEW JURSS, JULIE HOERNING, STEVEN PLOETZ, and KRYSTAL WITKOWSKI,<br><br>    Defendants. | Case No. 19-CV-497-JPS<br><br>**ORDER** |

    Plaintiff Markell Hogan, a prisoner proceeding in this matter *pro se*, filed an amended complaint alleging that Defendants violated his constitutional rights. (Docket #17). On February 12, 2020, the Court screened the amended complaint and allowed Plaintiff to proceed on two claims under the Fourteenth Amendment: a claim for excessive force against Defendants Dean Culver, Shawn Wing, Timothy Friberg, Matthew Jurss, Julie Hoerning, and Krystal Witkowski; and a claim for unconstitutional conditions of confinement against all Defendants. (Docket #21).

    On May 14, 2020, Defendants filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies on the claims against them. (Docket #42). This motion has been fully briefed, and for the reasons explained below, will be granted. The Court will also address Plaintiff's pending motion for extension of time, (Docket #55), motion to appoint counsel, (Docket #58), motion for extending time for

discovery, (Docket #59), motion for extension of time to respond to summary judgment, (Docket #73), and motion to file supplemental brief, (Docket #80), as well as Defendants' pending motion for summary judgment on the merits, (Docket #67).

## 1.     LEGAL STANDARDS

### 1.1     Summary Judgment

Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

### 1.2     Exhaustion of Prisoner Administrative Remedies

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if

Page 2 of 9
Case 2:19-cv-00497-JPS   Filed 02/11/21   Page 2 of 9   Document 83

exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1 Inmate Grievance System

The Sheboygan County Sheriff's Office maintains an inmate grievance system ("IGS"), in accordance with Wis. Admin. Code DOC § 350.26, to provide a "process by which inmates may file grievances and receive a formal review." (Docket #43-3 at 1). When filing an inmate grievance, the IGS requires inmates to write legibly on an approved form, file within 14 days of the circumstances giving rise to a grievance or complaint, and only have one clearly identified issue per grievance form. (*Id.* at 1–2; Docket #44 at 3–4). Upon receipt of a completed inmate grievance, "the supervisor shall ensure that the grievance is investigated and a determination is made to the grievance in a timely manner, usually within 15 working days." (*Id.* at 2; Docket #44 at 4). "An inmate may appeal the grievance determination to Corrections Administration as the final level or appeal within five days of receiving the grievance determination." (*Id.* at 3; Docket #44 at 4). The Corrections Administration will review the appeal within 15 days and in a written response delivered to the inmate, "will either confirm it, overturn it, or modify it and may confirm, overturn, or modify any corrective action." (*Id.*; Docket #44 at 4–5).

## 2. RELEVANT FACTS

Plaintiff was booked into the Sheboygan County Adult Detention Center ("Detention Center") on September 7, 2015. (Docket #44 at 2). When he was booked, Plaintiff was provided a copy of the Detention Center's Inmate Handbook ("Inmate Handbook"), and he signed a form acknowledging his receipt thereof. (*Id.*) The Inmate Handbook contained information regarding the IGS.[1] (*Id.*)

Plaintiff alleges that on September 26, 2015, he threatened to stab himself with a pencil and was placed on suicide watch. (Docket #17 at 5). Several officers escorted Plaintiff to a suicide watch cell. (*Id.* at 6). The suicide watch cell was not clean. It contained unidentified bodily fluids and leftover food from the previous inmate's breakfast bag. The cell floor was dusty and covered in hair. (*Id.* at 6–7). Plaintiff's complaints about these issues went ignored.

To get attention, Plaintiff covered the cell's nearby camera with his mattress and his door with a blanket. (*Id.*) Officer Dean Culver ("Culver") threatened a two-second burst of pepper spray if Plaintiff did not remove the coverings. Plaintiff "allowed [Culver] to spray the pepper into [his] cell," thinking it would result in him being moved from the cell. (*Id.* at 7). It

---

[1]"During your incarceration, if you feel that you have the basis for a grievance, you are encouraged to resolve the problem informally with an officer. If this cannot be done, you may request a grievance form. Policies, rules, regulations, standard operating procedure, cell assignments and inmate discipline are not subject to grievance. Group grievances will not be allowed. Grievances that contain profanity, abusive language, or threats will not be accepted unless it is required to describe the factual basis of the complaint. Completed forms should be submitted to Supervision. A formal response will be forwarded within 15 working days." (Docket #43-1 at 8).

did not. Culver told him the officers would uncover the camera and began conferring with some officers about the situation. (*Id.* at 7–8). Plaintiff did not think it was fair for the officers to "run into the cell on [him] without asking [him] to come out voluntarily," particularly because his cell was unsanitary and now covered in pepper spray. (*Id.* at 8).

When a first officer attempted to enter the cell to remove the mattress covering, he slipped on the floor—which was slick from the pepper spray—and hit his head. (*Id.* at 8–9). The second officer then tripped over the first and collided with Plaintiff, who fell against the top of his bunk and felt his right shoulder pop out of place. (*Id.*) As Plaintiff attempted to get up, the officers tackled him to his stomach, ignoring his injury. (*Id.* at 9). Plaintiff yelled that his arm was broken, while the officers shouted at him to stop yelling. (*Id.*) An officer placed Plaintiff in a hold that made it difficult for him to move and breath. Eventually, Plaintiff passed out. (*Id.*) At some point, he was taken to the Sheboygan Memorial Medical Center, where his broken shoulder was treated. (*Id.* at 9–10).

Plaintiff filed an inmate complaint with the Sheboygan County Sheriff's Office on May 1, 2016. (Docket #44 at 5; #43-4). In that complaint, Plaintiff asserted that the cell entry on September 26, 2015 was unnecessary, and he requested that the Sheboygan County Sheriff's Office investigate why the cell entry was made. (*Id.*) Plaintiff did not complain about the fact that force was used against him or the level of force used against him after the officers entered his cell. (*Id.*) Plaintiff did state that the cell was dirty. (*Id.*) However, Plaintiff did not ask the Sheboygan County Sheriff's Office to investigate the force used against him or the cleanliness of the cell. (*Id.*) Instead, the main focus of the inmate complaint was the cell entry made by

the officers and Plaintiff's request that the entry be investigated. (Docket #43-4).

On May 3, 2016, the Sheboygan County Sheriff's Office responded to Plaintiff's May 1, 2016 inmate complaint. (Docket #44 at 6; #43-5). The response solely focused on Plaintiff's grievance with the cell entry and did not discuss excessive force or the cleanliness of the cell. (Docket #43-5). Plaintiff did not appeal the response. (Docket #44 at 6).

On December 7, 2017, Plaintiff filed a 13-page inmate grievance, providing a narrative of many issues he had at the Detention Center for several years. (Docket #57-1 at 47–59). He does reference the events on September 26, 2015, but that is not the focus of his grievance. (*Id.*) Instead, the grievance's identifiable issue is Plaintiff's desire to be moved to the general population of the Detention Center and for his privileges to be expanded. (*Id.* at 56–59).

In total, Plaintiff filed fifty-eight inmate complaints while he was in the custody at the Detention Center, none of which were based on excessive force or the cleanliness of the cell on September 26, 2015. (*Id.*)

## 3. ANALYSIS

Defendants argue that Plaintiff has not exhausted his administrative remedies on the two claims—excessive force and unconstitutional conditions of confinement—at issue in this case. Plaintiff's submissions focus largely on the merits of his claims, rather than on whether he exhausted them.[2] However, Plaintiff appears to rely upon two inmate

---

[2]The merits are currently not at issue, as the summary judgment motion, (Docket #42), Plaintiff was responding to relates to exhaustion, not the merits. Defendants did subsequently file a motion for summary judgment on the merits, (Docket #55), however, those submissions from the parties are not relevant to the exhaustion issue.

complaints regarding the exhaustion requirement. (Docket #57 at 13). Both fall flat.

To satisfy the exhaustion requirement, Plaintiff needed to file an inmate complaint that put Defendants on notice of "the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). That is, Plaintiff was required to put Defendants on notice that he was complaining about, or seeking redress for, the officers' use of excessive force and the poor conditions of his cell on September 26, 2015. Plaintiff's complaints failed to do so. Additionally, the inmate grievance procedures required the grievance form to only have one clearly identified issue per form. (Docket #44 at 3). Thus, Plaintiff needed to file a grievance form for each issue—he failed to follow this requirement if he was complaining about excessive force or his conditions of confinement. Instead, the only issue Plaintiff requested redress for was the entry into his cell.

Specifically, Plaintiff's May 1, 2016 inmate complaint directed the Sheboygan County Sheriff's Office to investigate the cell entry on September 26, 2015. That complaint did not request relief related to excessive force or unconstitutional conditions of confinement. (Docket #43-4). Plaintiff's December 7, 2017 inmate complaint similarly failed to put the Sheboygan County Sheriff's Office on notice that he was complaining about the amount of force used or the conditions in his cell on September 26, 2015. Instead, the second complaint requested that Plaintiff be placed into the general population. (Docket #57-1 at 47–59). Each complaint specified one issue to be redressed as required, and in each complaint, Plaintiff does not specify excessive force or conditions of confinement as the issue.

Page 7 of 9
Case 2:19-cv-00497-JPS   Filed 02/11/21   Page 7 of 9   Document 83

In sum, the only inmate complaints relating to the events of September 26, 2015 failed to put Sheboygan County officials on notice that Plaintiff was complaining about the amount of force used after the officers entered his cell on that date or the conditions of his cell prior to the cell entry. His complaints did not ask the County to investigate or provide some form of relief with respect to either of those alleged issues. Therefore, the Court will grant Defendants' motion for summary judgment on exhaustion grounds, (Docket #42), and will dismiss this case without prejudice for Plaintiff's failure to exhaust his administrative remedies.[3]

## 4. CONCLUSION

For the reasons explained above, Defendants' motion for summary judgment for Plaintiff's failure to exhaust, (Docket #42), will be granted. Given that the Court is obliged to dismiss this case without prejudice, Plaintiff's pending motions for extensions of time, (Docket #55, #59, #73), to appoint counsel, (Docket #58), and to file a supplemental brief, (Docket #80), will be denied as moot. Similarly, the Court will deny as moot Defendants' subsequent motion for summary judgment as to the merits of Plaintiff's claims, (Docket #67).

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment for failure to exhaust (Docket #42) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions for extension of time (Docket #55, #59, #73), to appoint counsel (Docket #58), and to file a

---

[3]Although it seems clear that Plaintiff will not be able to complete the IGS process for his claim at this late date, dismissals for failure to exhaust are always without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

supplemental brief (Docket #80) be and the same are hereby **DENIED as moot**;

IT IS FURTHER ORDERED that Defendants' motion for summary judgment on the merits (Docket #67) be and the same is hereby **DENIED as moot**; and

IT IS FURTHER ORDERED that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of February, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge